(No. 3860—

THE NATIONAL REFINING Co., A CORPORATION, Claimant, *vs.*

STATE OF ILLINOIS, Respondent.

*Opinion filed March 14, 1945.*

COVEY, COVEY & COVEY, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

FISHER, J.

Claimant, a corporation, alleges that between the dates of March 19, 1941, and May 18, 1943, by and through its agent, Arthur Budde, it sold and delivered to respondent, gasoline, kerosene, motor lubricating oil and grease, as specifically itemized in its complaint and amended complaint, in the value of Eight Hundred Thirty-nine Dollars and Fifty-six Cents ($839.56).

The record consists of the Complaint, Amended Complaint, Report of the Division of Highways, Stipulation of Facts, and Waiver of Statement, Brief and Argument by both Claimant and Respondent.

The report of the Division of Highways admits that the allegations of the complaint are correct; that the gasoline, kerosene, lubricating oil, grease and other products were purchased by and for the Division of Highways; that the merchandise was received by the Department; and that "The Division of Highways and Division of State Police records, respectively, show that the items listed on claimant's exhibits (schedules) are correct as to date of delivery, quantity, price, and equipment or individual to which they were delivered. The records further show that payment has not been made to claimant for these materials."

The report of the Division of Highways further admits that "appropriations were in existence during the periods the materials were purchased and funds available in these appropriations for payment of claimant's invoices had they been scheduled within the biennium period."

It was held, in the case of *Shell Petroleum Corporation* vs. *State*, 7 C. C. R. 224, that—

"Where the facts are undisputed that the State has received supplies as ordered by it and that such supplies were legally bought by the State and that a bill therefor was not presented before the lapse of

the appropriation out of which such payment could be made, and further that claimant has not permitted an unreasonable length of time to elapse in so failing to present the bill, an award for the amount due will be made by the Court of Claims."

This rule has been consistently followed.

We find the bills for the merchandise sold and delivered, as alleged, had been submitted within a reasonable time, but that the appropriation had lapsed, without any fault or neglect on the part of claimant; and we further find, that at the time the bills were incurred there remained a sufficient unexpended balance in the appropriation to pay for the same; also that the charge for the said merchandise was fair and reasonable.

An award is therefore entered in favor of claimant, The National Refining Company, a corporation, in the sum of Eight Hundred Thirty-nine Dollars and Fifty-six Cents ($839.56).